## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MICRO QUALITY LABS, LLC,

    Plaintiff,

          v.

HUBOT, INC.,

    Defendant.

Civil Action No. 25-1438-GBW

---

Julie M. O'Dell, Lauren A. (Ferguson) Black, SMITH KATZENSTEIN & JENKINS, LLP, Wilmington, DE.

    *Counsel for Plaintiff*

Benjamin A. Smyth, Stephanie A. Dallaire, McCARTER & ENGLISH, LLP, Wilmington, DE; George Spatz, AMIN WASSERMAN GURNANI, Chicago, IL.

    *Counsel for Defendant*

## MEMORANDUM OPINION

March 30, 2026
Wilmington, Delaware

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

As illustrated by the motion underlying this Memorandum Opinion, contracts involving the same parties and subject matter, but conflicting terms, invite dispute. Here, the conflicting terms are forum selection clauses and, as in many instances of such entanglement, the forum selection clauses in the later contracts supersede the forum selection clause in the earlier contract. For this reason, the Court will grant Defendant's Motion to Dismiss, or in the Alternative, Transfer Venue ("Motion") (D.I. 4).[1]

## I.    BACKGROUND

On November 28, 2022, Defendant executed Plaintiff's "Client Packet," thus initiating Defendant's "account with" Plaintiff. D.I. 1-1 ¶ 6. The Client Packet provides that no purchase order "shall be accepted by [Plaintiff] which includes any conditions that vary from [the conditions provided in the Client Packet], and [Plaintiff] hereby rejects any conflicting terms contained in any acceptance or order submitted by [Defendant]." D.I. 1-1 ¶ 8. In addition, the Client Packet contains a forum selection clause that provides "that the exclusive venue for any dispute between the parties under [the Client Packet] shall be the state or federal courts located in Wilmington, Delaware." D.I. 1-1, Ex. A ¶ 23.

In 2023 and 2024, Defendant submitted purchase orders to Plaintiff regarding services contemplated by the Client Packet. D.I. 1-1 ¶ 9. The purchase orders "are subject to the General Terms and Conditions of Purchase" available on Defendant's website. D.I. 6-1, Exs. B & C; *see also* D.I. 10 at 8 (not contesting, but objecting that the "terms consist of generic boilerplate

_____

[1] Defendant, formerly known as Tri-Pac, is Hubot, Inc. ("Defendant"). Plaintiff is Micro Quality Labs, LLC ("Plaintiff"). Defendant's Motion is fully briefed (D.I. 5; D.I. 10; D.I. 12).

2

language"). Section 35 of the General Terms and Conditions of Purchase provide that a purchase order "constitutes the final, complete and entire agreement between the parties and supersedes all prior or contemporaneous negotiations, discussions, communications, course of dealing, usage of trade, representations or agreements, written or oral, regarding the subject matter of the" purchase order. *See* D.I. 6 ¶ 12; *see also* D.I. 10 (not contesting). Section 22 of the General Terms and Conditions of Purchase includes a forum selection clause providing that any lawsuit arising out of the purchase order "or the relationship between the parties shall be litigated only in the state or federal courts located in the state and county shown on [Defendant's] address on the" purchase order. *See* D.I. 6 ¶ 13; *see also* D.I. 10 (not contesting). The referent address is in South Bend, Indiana. D.I. 6-1, Exs. B & C; *see also* D.I. 10 (not contesting).

A dispute arose between the parties and, on September 18, 2025, Defendant commenced an action in the U.S. District Court for the Northern District of Indiana for breach of *inter alia* the purchase orders. *See Complaint, Hubot, Inc. v. Micro Quality Labs LLC*, Case No. 3:25-cv-00795 (N.D. Ind. Sept. 18, 2025), D.I. 1. Notwithstanding the already-filed suit, on October 20, 2025, Plaintiff commenced this action in the Superior Court of the State of Delaware, involving the same parties and subject matter as the Northern District of Indiana action. D.I. 1-1, Ex. A. On November 26, 2025, Defendant removed the Delaware state court action to this Court. D.I. 1. Now, the parties disagree on which forum selection clause governs.

## II.  LEGAL STANDARD

"The 'first-to-file' rule is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency." *Am. Fuji Seal, Inc. v. Brook + Whittle Ltd.*, No. 24-1215 (MN), 2025 U.S. Dist. LEXIS 150152, at *2 (D. Del. Aug. 5, 2025) (citation omitted). "The first-to-file rule avoids duplicative litigation over the same subject matter." *Id.* "In general, the first-filed action is preferred unless considerations of judicial and litigant economy, and the just

3

and effective disposition of disputes, require otherwise." *Id.* (cleaned up). "The presence of a valid forum selection clause may serve as an extraordinary circumstance that would justify a departure from the first-filed rule." *Samuel T. Freeman & Co. v. Hiam,* No. 12-1387, 2012 U.S. Dist. LEXIS 81134, at *18 (E.D. Pa. June 11, 2012) (cleaned up).

## III.    DISCUSSION

As described above, the parties disagree on whether the Indiana or Delaware forum selection clause governs. "A court considering the interpretation of a forum selection clause applies principles of contract law to determine the scope of the clause." *Collins v. Mary Kay, Inc.,* 874 F.3d 176, 180 (3d Cir. 2017). Here, the Court applies "Delaware [contract] law" since the parties do not raise any "conflict" of law. *See Marquinez v. Dole Food Co.,* Civil Action No. 12-695-RGA, 2020 U.S. Dist. LEXIS 171294, at *10 (D. Del. Sep. 18, 2020). In Delaware, when parties agree to a new contract, the "new contract, as a general matter, will control over the old contract with respect to the same subject matter to the extent that the new contract is inconsistent with the old contract or if the parties expressly agreed that the new contract would supersede the old one." *Country Life Homes, Inc. v. Shaffer,* No. 2288-S, 2007 Del. Ch. LEXIS 23, at *19-20 (Del. Ch. Jan. 31, 2007).

Here, the purchase orders constitute contracts. *See generally Groome Indus. Serv. Grp., LLC v. Kraft Heinz Foods Co.,* 341 A.3d 1026 (Del. 2025) (acknowledging contractual validity of a purchase order's terms and conditions). Since the purchase orders are newer than the Client Packet and, since "the parties expressly agreed that the [purchase orders] would supersede the [Client Packet]," the purchase orders "control over the [Client Packet]." *See Country Life Homes, Inc.,* 2007 Del. Ch. LEXIS 23, at *19-20. Furthermore, since the purchase orders contain the Indiana forum selection clause and, since there is already an action, regarding subject matter that is the same or similar to the subject matter of this action, pending before the U.S. District Court

for the Northern District of Indiana, the Court will dismiss this action, without prejudice, under the first-to-file rule. *See Am. Fuji Seal, Inc.*, 2025 U.S. Dist. LEXIS 150152, at *2.[2]

## IV.    CONCLUSION

Perfunctory assent to alleged boilerplate terms may not be wise, including understanding circumstances where there are multiple agreements with conflicting terms, such as is the case in this action.  For all of the foregoing reasons, the Court grants Defendant's Motion to Dismiss, or in the Alternative, Transfer Venue (D.I. 4).  The Court will enter an Order consistent with this Memorandum Opinion.

---

[2] Since the Delaware forum selection clause (from the Client Packet) does not govern, the exception to the first-to-file rule arising from such a forum selection clause does not apply.  In light of the Court's holdings, the Court does not reach the remaining arguments set forth by the parties (including, for example, whether Defendant is or could be subject to personal jurisdiction in Delaware and whether transfer would be appropriate under the *Jumara* factors).